UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEETAH MOBILE, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>APUS GROUP,<br><br>　　　　Defendant. | Case No.  15-cv-02363-HSG<br><br>**ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF FOR BIFURCATED BRIEFING OF RULE 12(B) MOTION**<br><br>Re: Dkt. No. 17 |

Pending before the Court is Defendant APUS Group's motion for administrative relief for bifurcated briefing of Rule 12(b) motion. Dkt. No. 17. Defendant seeks to initially brief only its challenges to sufficiency of process and service of process under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), and to brief its remaining Rule 12(b) challenges based on lack of personal jurisdiction, lack of subject-matter jurisdiction, improper venue, choice of law, and failure to state a claim in a later motion if the initial motion is denied. Plaintiffs Cheetah Mobile, Inc., Cheetah Mobile America, Inc. and Cheetah Technology Corp. oppose the motion. *See* Dkt. No. 19.

Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." If a party fails to assert the defenses of lack of personal jurisdiction, improper venue, insufficient process, or insufficient service of process in its initial Rule 12(b) motion or in a responsive pleading, the party waives those defenses. Fed. R. Civ. P. 12(h)(1). The defenses of failure to state a claim upon which relief can be granted, failure to join a party under Rule 19, and lack of subject-matter jurisdiction are not subject to Rule 12(g)(2)'s limitation. *See* Fed. R. Civ. P. 12(g)(2); 12(h)(2)-(3); *see also FTC v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383-83 (D. Md. 2009) (listing cases in which successive motions to dismiss for failure to state a claim have been allowed).

Based on a plain reading of Rule 12, the Court finds that it does not have the authority to grant Defendant's motion. Rule 12(h)(1) explicitly disallows the bifurcation of motions based on the Rule 12(b)(2)-(5) defenses. In other words, if Defendant does not raise its anticipated defenses of lack of personal jurisdiction and improper venue in its initial Rule 12(b) motion, the Rule requires that those defenses be waived. Defendant offers no authority to the contrary. Accordingly, the Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: June 15, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge