United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEETAH MOBILE, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APUS GROUP,<br><br>    Defendant. | Case No. 15-cv-02363-HSG<br><br>**ORDER QUASHING SERVICE AND GRANTING STIPULATION**<br><br>Re: Dkt. Nos. 29, 56 |

Pending before the Court is Defendant APUS Group's motion to dismiss and the parties' joint stipulation regarding sufficiency of process and hearing on motion to dismiss. Dkt. Nos. 29, 56. Defendant moves to dismiss Plaintiffs Cheetah Mobile, Inc., Cheetah Mobile America, Inc., and Cheetah Technology Corp. Ltd.'s complaint based on (1) *forum non conveniens*, (2) lack of personal jurisdiction, and (3) improper service. In the alternative, Defendant moves to dismiss Plaintiffs' trademark, copyright, defamation, and trade libel claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated below, the Court instead QUASHES service and DEFERS ruling on the motion to dismiss until service is properly effectuated. The parties' stipulation is GRANTED.

**I.   BACKGROUND**

Plaintiffs attempted to personally serve Defendant on May 27, 2015, in California. However, the summons served on Defendant was not signed by the clerk and did not bear the court's seal. Dkt. No. 25-8. Indeed, the Court did not issue the summons until May 28, 2015. Dkt. No. 8. After being informed by Defendant's counsel of its contention that this service was defective, Plaintiffs initiated service of process via the Hague Convention on June 11, 2015. Dkt. No. 37-17. As of October 8, 2015, the Hague Convention service of process had not yet been

completed. Hr'g Tr. at 3:8-19.

## II. DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Plaintiff "bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The Ninth Circuit has held that "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994).

Federal Rule of Civil Procedure 4 provides that a summons must "be signed by the clerk" and "bear the court's seal." In this case, the summons did not bear the seal of the Court or the signature of the clerk.

Defendant does not make any showing that it has suffered actual prejudice, but instead argues that the summons here was so defective as to require dismissal of the case. The Third Circuit agreed in a similar case in which the plaintiff served the defendant with a summons that did not bear the court's seal or the clerk's signature. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case."). The Third Circuit concluded that, under such circumstances, "[n]otice of a claim is not sufficient," and "such suit should be dismissed under [Rule] 12(b)(2)." *Id.*

This Court adopts the reasoning of *Ayres* and holds that the defects in service here are not merely "technical." However, because this case is in its early stages and Defendant has not been prejudiced by the insufficient service, the Court finds it appropriate to quash service and grant Plaintiffs additional time to properly serve Defendant, rather than dismiss the case in full.

## III. CONCLUSION

The Court QUASHES service and EXTENDS Plaintiffs' deadline to properly effectuate service to February 15, 2016. Within five days of the date service is completed or the deadline to complete service, whichever comes first, the parties shall file a joint statement notifying the Court of the status of service. Additionally, the Court GRANTS the parties' stipulation and sets a

further hearing on Defendant's motion to dismiss on March 31, 2016 at 2:00 p.m. in Courtroom 15, 18th Floor, 450 Golden Gate Avenue, San Francisco.  The parties shall meet and confer and file supplemental briefs in accordance with the schedule laid out in their stipulation.

**IT IS SO ORDERED.**

Dated: 10/21/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

3