Keith Slenkovich (CA Bar No. 129793)
keith.slenkovich@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel. (650) 858-6000
Fax (650) 858-6100

Vinita Ferrera (*pro hac vice* motion to be filed)
vinita.ferrera@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel. (617) 526-6000
Fax (617) 526-5000

*Attorneys for Plaintiffs Cheetah Mobile Inc.,
Cheetah Mobile America, Inc., and
Cheetah Technology Corporation Limited*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEETAH MOBILE INC., <br><br> CHEETAH MOBILE AMERICA, INC., <br><br> CHEETAH TECHNOLOGY CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> vs. <br><br> APUS GROUP, <br><br> Defendant. | Case No. 3:15-cv-02363HSG <br><br> **DECLARATION OF KEITH SLENKOVICH IN SUPPORT OF PLAINTIFFS' MOTION TO SERVE DEFENDANT BY ALTERNATIVE MEANS AND EXTEND SERVICE DEADLINE** |

I, Keith Slenkovich, declare and state as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Cheetah Mobile Inc., Cheetah Mobile America, Inc., and Cheetah Technology Corporation Limited (collectively, "Cheetah Mobile") in the above-captioned action. I make this declaration in support of Cheetah Mobile's Motion to Serve Defendant by Alternative Means and

1  Extend Service Deadline (the "motion"). I have personal knowledge of the following facts and, if
2  called as a witness, I could and would testify competently to the facts.

3    2.   On May 27, 2015, Cheetah Mobile filed this action alleging claims under federal
4  and state law including defamation, trade libel, copyright infringement, false advertising,
5  trademark dilution, unfair competition, intentional interference with prospective economic
6  advantage, and intentional interference with contract against Defendant APUS Group ("APUS"), a
7  corporation based in Beijing, China.

8    3.   Cheetah Mobile was not aware of any APUS offices in the United States, or of any
9  agent authorized to accept service of process on APUS' behalf in the United States. However,
10 knowing that APUS' CEO, Mr. Tao Li, would be attending events in Northern California during
11 that week, Cheetah Mobile arranged for Mr. Li to be personally served in the United States. On
12 the evening of May 27, 2015, a process server personally delivered a copy of the Complaint and
13 Summons to Mr. Li in Mountain View, California. (Dkt. 11.)

14    4.   On June 11, 2015, shortly after being informed by APUS' counsel, Mr. Ajay
15 Krishnan, that APUS would challenge the sufficiency of Cheetah's service on Mr. Li, Cheetah
16 Mobile initiated a Request for Service Abroad of the Complaint and the Summons on APUS in
17 China via the Hague Convention. Attached as Exhibit A is a true and correct copy of Cheetah's
18 request to the Ministry of Justice International Legal Cooperation Center of China.

19    5.   Cheetah Mobile requested that the papers should be served on APUS according to
20 the provision of sub-paragraph (a) of paragraph 1 of Article 5 of the Hague Convention at APUS'
21 official address located at No. 10 Wangjing Street, 42/F Area B, Tower 3, Wangjing SOHO,
22 Chaoyang District, Beijing, China 100015 (the "SOHO address"). This is the only physical
23 address shown on APUS' homepage as its contact address. Attached as Exhibit B is a true and
24 correct copy of APUS' homepage http://www.apusapps.com/about.html (visited October 22,
25 2015).

26    6.   On August 1, 2015, APUS moved to dismiss the case based on various grounds,
27 including "sufficiency of process" under Rule 12(b)(4), on the basis that the summons that Cheetah
28

Mobile delivered to Mr. Tao Li did not bear the Court's seal or the Clerk's signature. (Dkt. 29 at 22.) Cheetah Mobile opposed. (Dkt. 36.)

7. On October 8, 2015, the Court held a hearing during which APUS and Cheetah Mobile (collectively "the Parties") argued and submitted to the Court the sufficiency-of-process issue. The Court directed the Parties to meet and confer and submit a stipulation and proposed order regarding how the case should proceed pending Cheetah Mobile's efforts to effectuate service via the Hague Convention. (Dkt. 52.)

8. On October 21, 2015, following the Parties' stipulation (Dkt. 56), the Court entered an order quashing service on Mr. Li. (Dkt. 57.)

9. Beginning in November 2015, I began having discussions with APUS' counsel, Mr. Ajay Krishnan, to see if the Parties could reach an agreement on a method of voluntary acceptance of service by APUS. These discussions have continued, on and off, until the present time. Throughout these discussions, the Parties have not been able to reach a voluntary service agreement because of (1) Cheetah Mobile's concern that the method of service offered by APUS (service on APUS in China by private means) would be in violation of Chinese law (which directs that service in China be accomplished by Chinese authorities), including that any resulting judgment may not be recognized and/or enforceable in China (if enforcement could not be achieved in the U.S.), and (2) APUS' insistence that any voluntary service agreement stipulates that Cheetah Mobile will not amend its complaint, or seek to supplement its opposition to APUS' motion to dismiss with respect to any new facts or claims that may have arisen since the initial briefings.

10. On December 15, 2015, we received a Certificate of Non-Service sent by the Chinese Ministry of Justice (the form is dated November 16, 2015). Attached as Exhibit C is a true and correct copy of Certificate of Non-Service indicating that the documents had not been served because "[n]o such company at the address provided in the request."

11. On December 22, 2016, I advised Mr. Krishnan that we had received the Certificate. On January 7, 2016, during the course of our negotiations regarding a possible

voluntary service agreement, Mr. Krishnan requested a copy of the Certificate, which I provided to him on that date. I also advised Mr. Krishnan that unless we were able to come to agreement regarding alternative service soon, we planned to move for alternative service. I asked if APUS would oppose. Mr. Krishnan indicated that he wanted to review the Certificate with his client, and would get back to me.

12.  On January 27, 2016, I advised Mr. Krishnan that since we had not heard back regarding the Certificate and/or whether APUS would oppose the motion, we would be going forward with the motion to serve by alternative method and extend service deadline. On that date I provided Mr. Krishnan a draft of the motion, and again asked if APUS would oppose the motion. Over the next several days I had discussions with Mr. Krishnan in which he indicated that he had not heard back yet from his client. On February 4, 2016, I left another message with Mr. Krishnan asking whether he had heard back from his client and indicating that I would be filing the motion on February 5, 2016. On the afternoon February 5, 2016, I spoke with Mr. Krishnan, who told me that APUS would be opposing the motion, and that APUS would be filing its own motion to dismiss for failure to serve.

13.  APUS' homepage still shows the SOHO address as APUS' only physical address. Attached as Exhibit D is a true and correct copy of APUS' homepage http://www.apusapps.com/about.html (visited January 13, 2016).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of February, 2016, in Palo Alto, California, U.S.A.

_____
Keith Slenkovich