UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEETAH MOBILE, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APUS GROUP,<br><br>    Defendant. | Case No. 15-cv-02363-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SERVE BY ALTERNATIVE MEANS AND DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SERVICE**<br><br>Re: Dkt. Nos. 63, 66 |

Pending before the Court are two motions: (1) Plaintiffs Cheetah Mobile, Inc., Cheetah Mobile America, Inc., and Cheetah Technology Corporation's motion to serve Defendant APUS Group by alternative means and to extend the service deadline ("Motion for Alternative Service") and (2) Defendant APUS Group's cross-motion to dismiss for lack of service ("Motion to Dismiss"). Dkt. Nos. 63, 66. For the reasons articulated below, Plaintiffs' Motion for Alternative Service is GRANTED and Defendant's Motion to Dismiss is DENIED.

**I.   BACKGROUND**

On May 27, 2015, Plaintiffs filed a complaint alleging eleven causes of action under California and federal law: (1) defamation; (2) trade libel/product disparagement; (3) copyright infringement; (4) false advertising; (5) trademark dilution by tarnishment; (6) trademark dilution; (7) unfair competition and business practices; (8) false and misleading advertising; (9) unfair competition; (10) intentional interference with prospective economic advantage; and (11) intentional interference with contract. Dkt. No. 1. Plaintiffs seek injunctive relief, monetary damages, restitution, and attorney's fees and costs. *Id.*

Plaintiffs have been attempting to serve Defendant unsuccessfully since May 27, 2015. Mot. for Alternative Service at 1; Dkt. No. 63-1 ("Slenkovich Decl.") ¶ 3. On the same day that

they filed their complaint, Plaintiffs attempted to personally serve a copy of the complaint and summons upon Defendant's CEO, Mr. Tao Li, in Mountain View, California, where he was attending a public event. Mot. for Alternative Service at 2; Slenkovich Decl. ¶ 3. However, the summons served upon Mr. Li was not signed by the clerk of the court and did not bear the court's seal. Dkt. No. 25-8; *see also* Slenkovich Decl. ¶ 6. Accordingly, on October 21, 2015, this Court issued an order quashing service and extending Plaintiffs' deadline to properly effectuate service to February 15, 2016. Dkt. No. 57.

On June 11, 2015, shortly after receiving notice that Defendant would challenge Mr. Li's service as ineffective, Plaintiffs initiated service via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 (1969) (the "Hague Convention"). Slenkovich Decl. ¶ 4. The parties dispute the events surrounding the Chinese authorities' attempt to serve Defendant at the sole physical address listed on Defendant's website — No. 10 Wangjing Street, 42/F Area B, Tower 3, Wangjing SOHO, Chaoyang District, Beijing, China 100015. However, it is undisputed that an individual located at the aforementioned address informed Chinese authorities that they were at the incorrect location to serve "APUS GROUP." *See* Dkt. 63-6 ("Liu Decl.") ¶ 7; Dkt. 66-4 ("Pan Decl.") ¶¶ 6-8. Thereafter, Chinese authorities attempted to serve Defendant at a second business address, but service was again unsuccessful. *See* Mot. for Alternative Service at 4; Pan Decl. ¶ 11.

Plaintiffs' February 15, 2016, deadline to effectuate service has passed, and service has not been completed to date. On February 8, 2016, Plaintiffs filed the currently pending Motion for Alternative Service. On February 25, 2016, Defendant filed its opposition to Plaintiffs' Motion for Alternative Service and Defendant's cross-Motion to Dismiss.

**II.   DISCUSSION**

The Court will first analyze Plaintiffs' Motion for Alternative Service before addressing Defendant's Motion to Dismiss.

    **A.   Plaintiffs' Motion for Alternative Service**

Plaintiffs' Motion for Alternative Service requests that the Court (1) permit Plaintiffs to serve the complaint, summons, and associated papers on Defendant via email and by serving

1  Defendant's U.S. counsel and (2) extend Plaintiffs' deadline to properly effectuate service. Mot.
2  for Alternative Service at 2.

### i. Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 4(h), a defendant corporation can be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4 (h)(2). The relevant subsection of Federal Rule of Civil Procedure 4(f) provides that a foreign defendant may be served outside of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

"[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). To comport with traditional notions of due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Props., Inc.*, 284 F.3d at 1016. "[S]ervice under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and is "neither a 'last resort' or 'extraordinary relief.'" *Rio Props., Inc.*, 284 F.3d at 1015. It is within the district court's "sound discretion" to determine whether alternative means of service are warranted. *Id.* at 1016.

### ii. Analysis

Plaintiffs request two forms of alternative service (1) email service and (2) service upon Defendant's U.S. counsel. Mot. for Alternative Service at 2.

#### a. Email Service

Defendant is located in China, and China has objected to Article 10 of the Hague Convention, which declares, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." The Hague Convention, art. 10. By its plain language,

United States District Court
Northern District of California

1    Article 10 does not refer to email service.  However, courts in this jurisdiction have disagreed,
2    with different degrees of analysis, as to whether it is practical to distinguish between "postal
3    channels" and email.  *See e.g.*, *Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1-2
4    (N.D. Cal. May 13, 2008) (finding plaintiff's "attempt to distinguish email and facsimile from the
5    'postal channels' referred to in the text of Article 10 . . . unavailing"); *Williams-Sonoma Inc. v.*
6    *Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007)
7    (permitting email service on defendants that had objected to Article 10 of the Hague Convention
8    because plaintiff had demonstrated that "service via email is not prohibited by an international
9    agreement").

10   The Court need not weigh in on the disagreement between courts in this district because it
11   finds service on Defendant's U.S. counsel to be appropriate.

### b.  Service on Defendant's U.S. Counsel

13   "Service upon a foreign defendant's United States-based counsel is a common form of
14   service ordered under Rule 4(f)(3)."  *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-
15   02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011).  This form of service on a
16   Chinese defendant is not prohibited under the Hague Convention.  *See In re Cathode Ray Tube*
17   *(CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014); *see also RSM Prod. Corp. v.*
18   *Fridman*, No. 06 CIV. 11512(DLC), 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) ("The
19   Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service
20   through American counsel.").

21   Service upon Defendant's U.S. counsel is particularly appropriate here because Plaintiffs
22   have been attempting to serve Defendant since May 27, 2015, both through personal service and
23   the Hague Convention.  The Court sees no reason to delay this action any longer.  Moreover, the
24   Court is confident that service on Defendant's U.S. counsel is reasonably calculated to give
25   Defendant notice of this action and to provide Defendant the opportunity to present its objections.
26   *See Mullane*, 339 U.S. at 314; *Rio Props., Inc.*, 284 F.3d at 1016.  Indeed, Defendant has actual
27   notice of this action, and Mr. Ajay Krishnan of Keker & Van Nest LLP has already presented a
28   number of Defendant's objections through its previously filed motion to dismiss on grounds of

*forum non conveniens*, lack of personal jurisdiction, defective service, and failure to state a claim. Dkt. No. 29; *see also Richmond Techs., Inc.*, 2011 WL 2607158, at *13 (finding service upon defendants' United States counsel appropriate because defendants had actual notice of the action and counsel was representing defendants for purposes of contesting personal jurisdiction and opposing substituted service). It also appears that Mr. Krishnan is communicating with Defendant, given Ms. Lin'na Pan's declarations in support of Defendant's Motion to Dismiss. Dkt. No. 68-5. Accordingly, service upon Mr. Krishnan in San Francisco, California comports with due process requirements.

Defendant's attempt to distinguish the facts of this case from other cases in which courts have permitted service on an international defendant's U.S. counsel is unavailing. Under clear Ninth Circuit precedent, the only requirements for Rule 4(f)(3) service are that it is (1) directed by the Court and (2) not prohibited by international agreement such as the Hague Convention. *See Rio Props.* 284 F.3d 1007 at 1014.

Accordingly, the Court finds that the facts of this case warrant service upon Defendant's U.S. counsel and GRANTS Plaintiffs' Motion for Alternative Service.

### B. Defendant's Motion to Dismiss

In addition to opposing Plaintiffs' Motion for Alternative Service, Defendant moves to dismiss Plaintiffs' complaint for lack of service. Dkt. No. 66.

#### i. Legal Standard

In general, "[d]ismissal is not appropriate when there is a reasonable prospect that service may yet be obtained." *Chapman v. Teamsters Local 853*, No. C 07-1527SBA, 2007 WL 3231736, at *3 (N.D. Cal. Oct. 30, 2007) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)); *Rodriguez v. Lehigh Sw. Cement Co.*, No. 14-CV-03537-LHK, 2015 WL 1325528, at *8 (N.D. Cal. Mar. 24, 2015). Further, it is within a district court's "sound discretion" to determine whether dismissal or alternative service is justified. *See Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion."); *Rio Props., Inc.*, 284 F.3d at 1016 (holding that it is within the district court's "sound discretion" to determine when an action requires alternative service).

### ii. Analysis

Defendant cites no authority requiring the Court to dismiss this action for failure to effectuate service. *See generally* Mot. to Dismiss. The Court finds that result would be unreasonably harsh, especially when Plaintiff has been attempting to effectuate service since the inception of the action and service can be completed easily through alternative means. As such, the Court finds dismissal of this action inappropriate and alternative service justified.

Accordingly, the Court DENIES Defendant's Motion to Dismiss.

## III. CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiffs' Motion for Alternative Service on Defendant's U.S. counsel and DENIES Defendant's Motion to Dismiss. Plaintiffs shall properly effectuate service upon Mr. Ajay Krishnan of Keker & Van Nest LLP in San Francisco, California, within 5 days of the date of this Order.

The Court takes the previously noticed motion to dismiss on grounds of *forum non conveniens*, lack of personal jurisdiction, defective service, and failure to state a claim under submission. Dkt. No. 29.

**IT IS SO ORDERED.**

Dated: 7/28/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge